### Application of R. J. GOULD TRUCKING CO.
### No. 5243-CCT.

Railroad & Public Utilities Commission.

February 27, 1959.

Wayne K. Ramsay, Jacksonville, for the applicant.

Martin Sack, Jacksonville, for Ploof Transfer Co. and Suwannee Transfer Co., Jacksonville, protestants.

Frank J. Kelly, Miami, for Miami Transfer Co. and W. A. Dickinson Transfer & Storage Co., protestants.

W. Palmer Van Arsdale, Port Everglades, for Florida Tank Lines, protestant.

O. C. Beakes, Jacksonville, also for Suwannee Transfer Co., Jacksonville, protestant.

Chairman JERRY W. CARTER, Commissioners WILBUR C. KING and ALAN S. BOYD participated in the disposition of this application.

BY THE COMMISSION.

Pursuant to due notice, the commission by its duly designated examiner, J. B. Norman, held public hearings on the application on June 18 and July 8, 1958 in Jacksonville; and on July 29, 1958 in Miami.

After the hearing the examiner filed his report and recommendation in the form of a proposed order whereby he recommended that the application be granted. Exceptions to the proposed order were filed by all of the protestants, the applicant filed a memorandum in support thereof, following which the commission heard oral argument. After consideration of the entire record the commission now enters its order in the premises.

The applicant is requesting extension of the geographic scope of its common carrier certificate of public convenience and necessity # L-32 so as to authorize operations from, to and between all points and places in the state of Florida. Applicant's present authority as a heavy hauler is limited as follows—

"From Tampa, Florida to any point or place in the state of Florida, from, to and between all points within a radius of 150 miles of Tampa, and from any point in the state of Florida to Tampa when that point is not presently served by a similar certificated carrier."

Applicant acquired this certificate by transfer in 1946, and in 1954 the certificate was extended so as to authorize applicant to domicile motor vehicle equipment in St. Petersburg. This extension was granted during the pendency of a proposed rule limiting the domiciling of equipment by heavy haulers. Subsequently, however, the commission dismissed such proposed rule proceeding thereby reinstating the right of all heavy haulers to domicile equipment at any point or points within the territory served. The previous authority granted authorizing domicile in St. Petersburg is therefore superfluous.

Applicant is a member of the Florida Specialized Carriers and Heavy Haulers Conference and is a party to that organization's Motor Freight Tariff No. 1. Applicant has operated continuously since 1946 as a heavy hauler and during this time has been acquiring additional equipment due to its needs and demands for this service and at the present time has an investment in excess of $200,000 in heavy hauling equipment and facilities.

Doyle Frye, applicant's vice president, testified as to the present authority of applicant, the equipment owned and used in this service and the extension of its certificate authorizing equipment to be domiciled in St. Petersburg. She indicated on cross examination that it is not the present intention of applicant to establish terminals elsewhere in the state. It appears that applicant uses some of its equipment outside the scope of this certificate.

The chambers of commerce of Tampa and St. Petersburg both supported this application. Representatives of these two chambers of commerce testified to the tremendous growth of these cities and the surrounding area and stated their opinion that the additional authority sought by applicant would be a benefit to such area. Applicant also produced representatives of Llewellyn Machinery Company, Florida Power Corporation, W. L. Cobb Construction Company, of Tampa, Raymond Concrete Pile Company, Etna Steel Company of Jacksonville, and Florida Steel Corporation, all of whom testified as to their needs and requirements for heavy hauling transportation. Their testimony shows the growth of their companies and their increasing need for transportation service. It appears from the testimony of several of these witnesses that applicant is supplying their companies with transportation of heavy equipment from Tampa to points outside of the 150 mile radius but is unable to handle return hauls of repossessed equipment due to its restricted authority.

The protestants each produced company witnesses who testified as to their operating authorities, the equipment owned and used by them, the lack of full utilization of such equipment, their ability to secure any additional equipment necessary and the adverse effect which the granting of the application would have upon them. They also produced 16 public witnesses who testified as to their respective needs for heavy hauling and their satisfaction with the service rendered by the existing certificated carriers.

The testimony not only of protestants' witnesses but also of the witnesses for applicant shows that the service provided by the protesting carriers who now hold statewide authority is generally satisfactory. Applicant, however, for a long period of time has been the primary heavy hauler serving the Tampa-St. Petersburg area.

From the testimony and evidence adduced in this cause, the commission finds that applicant failed to prove that public convenience and necessity require extension of its authority to the degree sought by this application. Public convenience and necessity, however, do require that applicant be authorized to transport shipments between Tampa and St. Petersburg on the one hand and points and places in Florida outside of the 150 mile radius on the other hand. Applicant presently can transport loads from Tampa to points outside the 150 mile radius of Tampa but it can handle return hauls from outside such area only when they are destined to Tampa and *only when that point is not presently served by a similar certificated carrier.* This italicized language is difficult to interpret. All points in the state are authorized to be served by several heavy haulers with statewide rights but whether or not a point where no heavy hauler stations equipment is actually served is difficult to determine in particular instances. It is the finding of the commission that this wording should be eliminated and that applicant's authority should be amended to read as follows—

"From, to and between all points and places within a radius of 150 miles of Tampa and between Tampa and St. Petersburg, Florida on the one hand and points and places in Florida on the other hand."

This would allow applicant to handle return hauls of traded-in heavy equipment from beyond the 150 mile radius and would also allow it as a heavy hauler serving Tampa and St. Petersburg customers to haul heavy commodities for such customers in both directions. In addition, it will eliminate the fear of the protestants that applicant will set up bases of operation in such places as Miami and

8

Jacksonville. The granting of this additional authority to applicant should have no appreciable adverse effect upon the protestant carriers.

In consideration of the premises, it is ordered that certificate of public convenience and necessity # L-32 of R. J. Gould Trucking Company be and it is hereby canceled. It is further ordered that said certificate # L-32 be and it is hereby reissued to R. J. Gould Trucking Company, 301 South Florida Ave., Tampa, authorizing the operation of an auto transportation company in the common carriage in special heavy hauling equipment of articles too bulky and heavy for regular carriers to handle with ordinary trucking equipment, particularly such commodities as heavy machinery, tanks, boilers and the like, from, to and between all points and places within a radius of 150 miles of Tampa and between Tampa and St. Petersburg, Florida on the one hand and points and places in Florida on the other hand.

Chairman JERRY W. CARTER considers that the application should be granted in its entirety and therefore dissents.